830 So.2d 984 (2002)
STATE of Louisiana
v.
Henry Ray WILLIAMS.
State of Louisiana
v.
Victor Raymond Verdun, Jr.
Nos. 2002-KK-0898, 2002-KD-1030.
Supreme Court of Louisiana.
October 15, 2002.
Rehearing Denied December 13, 2002.
Andrew B. Cooper, New Orleans, Donald A. Sauviac, Jr., Metairie, Counsel for Applicant (No. 2002-KD-1030).
Richard P. Ieyoub, Attorney General, Walter P. Reed, District Attorney, Bruce G. Dearing, Dorothy A. Pendergast, New Orleans, Counsel for Respondent (No. 2002-KD-1030).
TRAYLOR, J.
We granted certiorari in these two criminal matters and consolidated them for oral argument in order to address the issue of whether the procedural requirements of State v. Prieur, 277 So.2d 126 (La.1973) applies to evidence of other sexual offenses admitted pursuant to newly enacted La. Code Evid. art. 412.2. After reviewing the records and applicable law, we hold the *985 procedural requirements of State v. Prieur do not apply to La.Code Evid. art. 412.2.

FACTS AND PROCEDURAL HISTORY
Henry Ray Williams and Victor Raymond Verdun, Jr. were indicted separately for aggravated rape in violation of La. R.S. 14:42.[1] Both defendants filed motions for an admissibility hearing after the state gave notice of its intent to introduce evidence of other sex offenses under La.Code Evid. Art. 412.2. In the Williams case, the trial court granted Williams' motion, reasoning that under La.Code Evid. art. 404, evidence of other crimes, wrongs or acts is not admissible except under certain circumstances. The trial court further stated that its interpretation of La.Code Evid. art. 412.2 is that the article expands the type of other crimes evidence which would ordinarily be inadmissable under La.Code Evid. art. 404. The court concluded, based on its finding that Prieur jurisprudence was applicable to La.Code Crim. Pro. art. 412.2, that the evidence should be subject to a pretrial hearing on admissibility. The state sought review of the trial court's determination. The Court of Appeal, First Circuit, granted the state's application and reversed the trial court's ruling. State v. Williams, 02-0320 (La.App. 1st Cir.2/21/02), ___ So.2d ___. Conversely, in defendant Verdun's case, the trial court denied the motion and the Court of Appeal, First Circuit, affirmed. State v. Verdun, 02-0767 (La.App. 1st Cir.4/12/02).
Defendants Williams and Verdun applied for writs in this court. This court granted both applications and consolidated the writs for oral argument. State v. Williams, 02-0898 (La.4/26/02), 813 So.2d 1096 and State v. Verdun, 02-1030 (La.4/26/02), 813 So.2d 1096.

LAW AND DISCUSSION
In 2001, the Louisiana legislature enacted La.Code Evid. art. 412.2 which provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
According to the defendants, La. Code of Evid. art. 412.2 contains a requirement that the trial court hold a Prieur hearing prior to trial to determine whether the other sex offenses sought to be introduced by the state are admissible at trial. Defendants complain that the lack of a pretrial hearing deprives their attorney of the ability to prepare a defense and can result in issues associated with ineffective assistance of counsel. In support of the *986 former argument, defendants cite to an appellate case in which the court suggested Article 412.2 requires a Prieur hearing be held prior to the admissibility of the evidence. Defendants also contend that the legislative history of Article 412.2 reveals the legislature intended a pre-trial hearing as a requisite to admission of the evidence.
First, defendants erroneously rely on a notation in a Fifth Circuit Court of Appeal unpublished writ grant with order. State v. Williams, 01-1124 (La.App. 5th Cir.12/4/02), Not Designated for Publication; writ denied, 02-0023 (La.2/1/02), 807 So.2d 847. Defendants contend Williams stands for the proposition that evidence introduced pursuant to La.Code Evid. art. 412.2 must follow the Prieur requirements, i.e. a Prieur hearing must be held. Unpublished opinions and/or writ grants with orders should not be "cited, quoted or referred to," and therefore will not be considered by this Court. See Uniform Rules-Courts of Appeal 2-16.3.
Next, defendants argue the legislative history demonstrates the legislature intended for a Prieur hearing to be held prior to trial to determine the admissibility of other crimes evidence. After review of the legislative committee hearing, we disagree with the defendants' contention.
The transcript of the committee hearing reveals that Act 1130 was prompted primarily by two decisions of this Court, State v. McArthur, 97-2918 (La.10/20/98), 719 So.2d 1037, and State v. Kennedy, XXXX-XXXX (La.4/3/01), 803 So.2d 916. Both cases involved prosecutions for aggravated rape in which the state sought to introduce evidence of other sexual offenses committed by the defendants pursuant to what the state labeled a "lustful disposition" exception to other crimes evidence. In both cases, this Court refused to recognize the so-called "lustful disposition" exception to Article 404's other crimes prohibition, but, in doing so, noted that the evidence sought to be introduced would be admissible if Louisiana had a rule similar to Federal Rule of Evidence 413.[2] The enactment of Article 412.2 was apparently the legislature's response to this Court's statements in McArthur and Kennedy as the language of Article 412.2 closely follows that of Federal Rule of Evidence 413.[3] However, one distinction exists between the federal rule and the Louisiana rule. Federal Rule of Evidence 413 provides that the "defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Conversely, *987 Louisiana's counterpart, Article 412.2 provides that the evidence "may be admissible ... subject to the balancing test provided in Article 403." Although the legislature opted not to make the evidence automatically admissible, it nonetheless determined evidence of past sexual behavior of an accused should not be totally foreclosed to the state. Prior to Article 412.2, evidence pertaining to other crimes in sexual assault could only be admitted under the limited exceptions of 404(B). The committee minutes indicate the senators were concerned with the defendant's right not to be ambushed with evidence of prior sexually deviant behavior, but were even more concerned regarding the increase in sexual assaults on minors. In an attempt to balance the latter concerns, the committee inserted language into the final draft of the bill, which is in the current statute, requiring the state to provide "reasonable notice" to the defendant regarding the information to be introduced. The committee elected to insert this notice requirement, but did not insert a requirement that a hearing be held.[4] La.Code Evid. art. 412.2 does not contain any language requiring a hearing.[5] The only requirement contained within the statute is that the evidence be deemed admissible pursuant to La.Code Evid. art. 403. As we stated in McArthur and reiterated in Kennedy, we desist from the "exhortation to legislate when our legislature has chosen to leave the law as written." There is no requirement of a pre-trial hearing written within the statute, thus we decline to interpret the statute as requiring a hearing.[6] We note that La.Code Evid. art. 412.2 appears in the Code of Evidence as a separate and distinct provision, set apart from La.Code Evid. art. 404(B), under which a pre-trial hearing is customary. If the legislature had intended La.Code Evid. art. 412.2 require a hearing, logically, it would have amended La.Code Evid. art. 404(B) to include the Article 412.2 language rather than create a separate provision. Accordingly, we find La.Code Evid. art. 412.2 does not require the trial court to hold a pre-trial hearing prior to admitting the evidence.[7]
*988 CONSTITUTIONALITY OF LA. CODE OF EVID. ART. 1104
In addition to the above cited argument, defendant Verdun challenges the constitutionality of La.Code Evid. art. 1104. He contends the article impermissibly contains a general reference to Fed. Rules of Evid. Art. 404 which is in violation of La. Const. art. 3, Sec. 15(b). Specifically, Verdun argues that the legislature's wholesale adoption of the burden of proof required under federal law and its failure to designate the standard for admissibility, i.e. preponderance of the evidence or clear and convincing evidence.
The general rule established by this Court is that issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Constitutional issues are no exception. Vallo v. Gayle Oil Co., 94-1238 (La.11/30/94), 646 So.2d 859. This court has often cited Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984), as authority when not confronting claims of unconstitutionality where the claim is not the basis for this Court granting of the writ and the issue was not specifically pled in the trial court. Id. at 863. The constitutionality of the statute was clearly not the central focus of any hearing and the trial record does not contain any arguments on the topic. The only mention of the constitutionality of the statute was on appeal. Accordingly, we pretermit defendant's constitutional challenge as he failed to first raise the issue in the trial court.

CONCLUSION
La. Civ.Code art. 2 states that "legislation is a solemn expression of legislative will." When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. La. Civ.Code art. 4. The legislature, in response to the concern regarding repeated sexual offenses by adults upon minors, enacted a statute allowing the accused's past sexual behavior into evidence. While other statutes which pertain to exceptions to the general rule that other sexual offenses are not admissible specifically contain hearing requirements, La Code Evid. art. 412.2 does not.

DECREE
For the reasons assigned herein, the decisions of the Court of Appeal, First Circuit, are AFFIRMED.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurs in the result and assigns reasons.
In State v. Prieur, 277 So.2d 126 (La. 1973), after outlining the potential undue prejudice to a defendant by the introduction of evidence of other crimes, wrongs or bad acts for the limited purposes permitted by former La. Rev. Stats. 15:445 and 15:446, now embodied in La. Code Evid. art. 404(B), we stated that the "spirit of our constitutional provisions ... requires the establishment of safeguards prerequisite to the admissibility of such evidence." While the State is required inter alia to provide a written notice and description of the other crimes evidence "within a reasonable time before trial," we merely specified that "prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered." 277 So.2d at 130. Nowhere did we specify in Prieur that the trial court was mandated to conduct a hearing prior to trial in every case, though explicit in the Prieur safeguards *989 was a requirement that the trial court decide the admissibility of the evidence prior to its introduction before the jury. Since our pronouncement, the logical order of a trial has resulted, as the majority recognizes, in the hearing to determine the admissibility of other crimes evidence being customarily conducted before the commencement of trial, such that the so-called Prieur hearing has come to be recognized as a pre-trial proceeding. See La. Code Evid. art. 1104. Nevertheless, this court has previously acknowledged that a pre-trial determination of the admissibility of other crimes evidence, while preferable, is not always required. State v. Blanchard, 00-1147, p. 6 (La.4/20/01), 786 So.2d 701, 705 (citations omitted).
However, while Article 404(B) of the Code of Evidence does not explicitly require that the admissibility of other crimes evidence be determined in a pre-trial hearing, the article does iterate the Prieur requirement that the State must provide "reasonable notice in advance of trial." This requirement of advance notice by the State is also present in Article 412.2(B), the statute under consideration in the instant case. Article 412.2(B) provides that where "the State intends to offer evidence under the provisions of the Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes."
Accordingly, I concur in the majority's result today because I would not mandate a pre-trial hearing in every case to determine the admissibility of past sexual offense evidence under Article 412.2. On the other hand, I point out, and certainly the majority would agree, that the trial court in its discretion may elect to conduct a pre-trial hearing to determine the admissibility of evidence of other sexual offenses under Article 412.2. To be sure, nothing in Article 412.2 precludes the trial court from conducting such a pre-trial hearing. And, the critical importance of a full and careful weighing of such evidence pursuant to Article 403 would militate in favor of a pre-trial hearing as the most logical and reasonable point to make the admissibility determination. In any event, whether or not the trial court conducts a pre-trial hearing, the State still must demonstrate that the evidence it seeks to introduce at trial is admissible under Article 412.2, i.e., that the offered evidence is relevant and that its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time. See La. Code Evid. art. 403.
NOTES
[1] While the underlying facts of these cases are not relevant to our resolution of this matter, both men were indicted for raping minor children over an extended period of time. Williams was indicted on August 29, 2001, for the aggravated rape of his ex-girlfriend's daughter which allegedly occurred between the years of 1981 and 1983. Verdun was indicted on December 16, 1999, for the aggravated rapes of his ex-girlfriends twin daughters.
[2] Chief Justice Calogero, writing for the majority in Kennedy, explained:

Writing for the court, Justice Victory cautioned in McArthur, "[u]nless and until the legislature changes our statutory law to follow Rule 413(a) of the Federal Rules of Evidence, we will continue to apply the law as it presently exists." McArthur, 97-2918, p. 10, 719 So.2d at 1043. We therefore desist from the exhortation to legislate when our legislature has chosen to leave the law as written.
[3] Federal Rule of Evidence 413 provides, in pertinent part:

(a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
(b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or an such later time as the court may allow for good cause.
[4] See also La.Code Evid. Art. 412 which contains "other evidence exceptions." This article provides that evidence of past sexual behavior with persons other than the accused may be used in certain limited circumstances. However, the significant element of this article is that is does contain a hearing requirement. Subparagraph E provides that the "court shall order a hearing which shall be closed to determine if such evidence is admissible."
[5] It should be noted that other states, which have formally adopted the rules similar to Federal Rules Evidence 413 and 414, do not require a pretrial hearing to determine whether the evidence is admissible. See Cal. Evid.Code § 1108 (West 1995); Ind.Code Ann. § 35-37-4-15 (Michie 1998); Mo. Ann. Stat. § 566.025 (West 1999).
[6] While defendants argue that Sue Bernie, an Assistant District Attorney with the East Baton Rouge Parish District Attorney's Office testifying at the legislative committee hearing in favor of Act 1130, stated that a pre-trial hearing would be conducted under the proposed Act, there is no indication in the legislative record that Bernie was representing the District Attorney's Association when she appeared to testify. Moreover, one of the fundamental rules of statutory construction is that where, as here, a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9; State v. Benoit, 01-2712 (La.5/14/02), 817 So.2d 11, 13.
[7] Requiring a pre-trial hearing would give the defendant two chances to cross-examine the witness/victim and would expose the individual to potentially unnecessary harassment and/or intimidation, which would run contrary to the very purpose of the statute, which is to allow this type of evidence to be admitted.