986 So.2d 880 (2008)
STATE of Louisiana
v.
George KELLY.
No. 2008-KA-0200.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2008.
*881 Keva Landrum-Johnson, District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for George Kelly.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, and Judge DAVID S. GORBATY).
CHARLES R. JONES, Judge.
The Appellant, George Kelly, appeals his sentence for possession of cocaine. We affirm.
On March 15, 2006, Officer Francis Jarrott and his partner, Officer Robert Hurst, were assigned to the Task Force in the New Orleans Police Department's Second District. The officers were driving south on Foucher Street when they observed Kelly and an unidentified man having a close conversation in front of The Other Place, a bar located at the corner of Foucher and S. Saratoga Streets. The officers then observed what appeared to be the exchange of an unknown object for money. When Kelly and the unidentified man realized they were being observed by the officers, the unidentified man ran up S. Saratoga Street towards uptown, and Kelly turned to enter the bar. The officers beckoned Kelly and he stopped. When the officers approached Kelly, they noticed he had a plastic bag in his right hand. The officers instructed Kelly to open his hand. When Kelly complied, the officers observed that he was holding a plastic bag with various small rock-like substances. The officers arrested Kelly.
A search incident to arrest produced $525.00 in cash. Accordingly, Kelly was informed that he was being arrested for possession with the intent to distribute cocaine. Officer Jarrott testified that Kelly became very upset and made verbal threats. Kelly was issued a municipal citation for disturbing the peace as a result of his reaction.
Kelly was charged by bill of information with one count of possession with the intent to distribute a cocaine, in violation of La. R.S. 40:967(A)(1). Kelly was tried in front of a jury in the Criminal District Court for the Parish of Orleans and found guilty of possession of cocaine in violation of La. R.S. 40:967(C). The State filed a Multiple Offender Bill of Information seeking enhanced sentencing under La. R.S. 15:529.1, to which Kelly pled not guilty. A Motion to Quash the Multiple Bill was denied. Kelly was adjudicated a second felony offender and sentenced to eight *882 years at hard labor without the benefit of probation or the possibility of earning good time. His Motion to Reconsider the Sentence was denied. Kelly filed and was granted a Motion for Appeal.
A review of the record for errors patent reveals none.
In his first assignment of error, Kelly argues the sentence imposed under the multiple offender bill is excessive. After the multiple bill hearing, Kelly was adjudicated a second felony offender. The same day, he was sentenced to eight years of imprisonment at hard labor without the benefit of probation or the possibility of earning good time, pursuant to La. R.S. 15:529.1(A)(1)(a), which provides in pertinent part:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
In State v. Smith, 2001-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4, the Supreme Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to ... excessive ... punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819: The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
Additionally, if adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense *883 so charged. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
In State v. Joseph, 99-1161 (La.App. 5 Cir. 3/22/00), 759 So.2d 141, the Fifth Circuit found a sentence of eight years for a defendant convicted of possession of cocaine as a second offender was not constitutionally excessive. The court considered the following: "... the statutory limits of the sentence, the trial judge's failure to impose the maximum sentence, the trial judge's imposition of a sentence which was concurrent with the revoked sentence in the predicate conviction instead of consecutive, the amount of cocaine present, and the defendant's poor likelihood to benefit from probation or rehabilitation absent correctional treatment." 759 So.2d at 144. See also State v. Robertson, XXXX-XXXX (La. App. 4 Cir. 2/12/03), 840 So.2d 631.
In the present case, Kelly was adjudicated a second felony offender after the State produced evidence of a prior conviction for possession of cocaine in violation of La. R.S. 40:967(C). The district court considered many factors when determining the sentence. The pre-sentencing investigation report revealed that Kelly had prior convictions for possession of crack cocaine[1] and possession of marijuana.[2] The district court noted that Kelly admitted he had a drug problem. Kelly had been given two opportunities to address his addiction through probation and state sponsored programs.[3] Kelly did not successfully complete either program. Finally, the district court considered the negative impact Kelly's drug usage would have on his already decimated community. Given these circumstances, the district court properly concluded that imprisonment would be the most effective punishment for Kelly.
Under La. R.S. 15:529.1, the sentencing range for a defendant convicted of possession of cocaine as a second felony offender is 30 months to ten years. The district court sentenced Kelly to eight years imprisonment in the Department of Corrections with full credit for time served without probation or suspension. The sentence was prescribed to run concurrently with any other sentences imposed by the district court.
Considering the statutory limits of the sentence, the district court's failure to impose the maximum sentence, the district court's imposition of a sentence which was concurrent with additional sentences instead of consecutive, and Kelly's poor likelihood of benefiting from probation or rehabilitation, absent correctional treatment, the eight year sentence imposed by the district court is not constitutionally excessive.
Therefore, there is no merit to this assignment of error.
In his second assignment of error, Kelly argues he was entitled to a jury trial for the multiple offender hearing. Specifically, Kelly asserts that La. R.S. 15:529.1 *884 is unconstitutional because it does not require the State to prove the elements of a multiple offender allegation to a jury. Kelly also argues that because his sentence was based on the court's finding of fact and not a jury determination, his sentence must be vacated and the case remanded for a sentence based on the jury verdict, or the State must give him a jury trial on the multiple offender allegation.
Kelly raises the issue of a right to a jury for a multiple offender hearing for the first time in his appellate brief. The general rule is that issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. See State v. Brooks, 04-779 (La.App. 5 Cir. 11/30/04), 889 So.2d 1064, 1067, citing State v. Williams, 02-1030 (La.10/15/02), 830 So.2d 984, 988.
Since Kelly did not raise the issue of a right to a jury when he filed the Motion to Quash the Multiple Bill of Information, he is not entitled to raise the issue on appeal. Furthermore, there is no constitutional right to a jury trial in multiple bill proceedings. State v. Smith, 05-0375 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Accordingly, there is no merit to this assignment of error.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, George Kelly, are affirmed.
AFFIRMED.
NOTES
[1] On October 4, 2000, Kelly was sentenced to five years in the Department of Corrections, which was suspended. He was then placed on five years probation, three years active and two years inactive. This case was terminated satisfactorily on October 15, 2003.
[2] On June 23, 2004, Kelly was sentenced to six months at Orleans Parish Prison, which was suspended. He was placed on two years active probation. Kelly's probation was revoked on November 15, 2006 due to new felony arrests and numerous technical violations, i.e. positive drug tests, failure to complete the Section "A" Drug Court program, and absconding supervision.
[3] He was ordered to participate in the District Attorney's Diversionary Program in 1998, and he was ordered to complete the Section "A" Drug Court Program in 2004 for the marijuana conviction.