# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 19-42


**STATE OF LOUISIANA**

**VERSUS**

**WILL ANTONIO CELESTINE**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16636-15
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell,
and John E. Conery, Judges.


**AFFIRMED.**

**John Foster DeRosier, District Attorney**
**Karen C. McLellan, Assistant District Attorney**
**Fourteenth Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Mary Constance Hanes**
**P. O. Box 4015**
**New Orleans, LA 70178**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Will Antonio Celestine**

**Jeffrey M. Landry, Attorney General**
**J. Taylor Gray, Assistant Attorney General**
**P.O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6200**
**COUNSEL FOR OTHER APPELLEE:**
     **Attorney General of the State of Louisiana**

**EZELL, Judge.**

Defendant, Will Antonio Celestine, was charged by bill of information filed on June 22, 2015, with illegal use of a weapon, a violation of La.R.S. 14:94, and possession of a weapon by a convicted felon, a violation of La.R.S. 14:95.1. On August 13, 2015, the bill of information was amended to add the charge of unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3. The bill of information was amended again on November 13, 2017, to clarify information regarding the offenses charged.

Trial by jury commenced on November 13, 2017. On November 15, 2017, the jury found Defendant guilty of the responsive verdict of attempted illegal use of a weapon, a violation of La.R.S. 14:27 and La.R.S. 14:94. Defendant was found guilty as charged on the remaining counts.

On January 8, 2018, Defendant was adjudicated a fourth felony habitual offender for the offense of attempted illegal use of a weapon and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant was also sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and to pay a $1000 fine for possession of a weapon by a convicted felon and to serve six years at hard labor for unauthorized entry of an inhabited dwelling. The trial court ordered Defendant's sentences be served concurrently.

On July 27, 2018, Defendant filed a "Notice of Appeal" and "Motion for Late Appeal and Motion for Appeal." The motion for appeal was granted. Defendant is now before this court asserting his Sixth and Fourteenth Amendment rights were violated by the lack of unanimous jury verdicts on two of the three counts.

## FACTS

On May 16, 2015, Defendant was in the street fighting with another man. During the fight, he retrieved a gun and fired three shots, two into the air and one into the ground. Defendant then put the gun in his waistband and fled, eventually getting into an SUV. Police pursued the SUV, and Defendant ultimately exited the vehicle and ran. Defendant entered the home of Catherine Green to hide from police. Defendant also forced his way into the home of Julius Harding. In the end, Defendant exited the home and was arrested. Police never found the gun or the SUV.

Defendant had previously been convicted of aggravated flight from an officer. His probation supervision began on November 17, 2005, and his probation was revoked on January 28, 2008.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

Defendant contends his constitutional rights under the Sixth Amendment, as applied to the states through the Fourteenth Amendment, were violated by the lack of unanimous jury verdicts.

At the time Defendant committed the offenses herein, La.Const. art. 1, § 17 provided:

> (A) **Jury Trial in Criminal Cases.** . . . A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months

shall be tried before a jury of six persons, all of whom must concur to render a verdict. . . .

> **(B) Joinder of Felonies; Mode of Trial.** Notwithstanding any provision of law to the contrary, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor; provided however, that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts of transactions connected together or constituting parts of a common scheme or plan; and provided further, that cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

*See also* La.Code Crim.P. art. 782; La.Code Crim.P. art. 493; La.Code Crim.P. art. 493.2.[1]

Possession of a weapon by a convicted felon is punishable by confinement at hard labor. La.R.S. 14:95.1. Thus, it was triable by a jury of twelve, ten of whom must concur. Illegal use of a weapon and unauthorized entry of an inhabited dwelling are punishable by imprisonment with or without hard labor. La.R.S. 14:94; La.R.S. 14:62.3. Thus, they were triable by a jury of six, all whom must concur in the verdict. Because the latter two offenses were charged in the same bill of information as possession of a weapon by a convicted felon and arise from the same act or transaction, or two or more acts of transactions connected together or constituting parts of a common scheme or plan, they too were triable by a jury of twelve, ten of whom must concur in the verdict.

By votes of ten to two, Defendant was convicted of attempted illegal use of a weapon and possession of a weapon by a convicted felon. The jury returned a

---

[1]Louisiana Constitution Article 1, § 17(A) and La.Code Crim.P. art. 782 now provide for unanimous verdicts for offenses committed on or after January 1, 2019, for which punishment is necessarily confinement at hard labor. *See* 2018 La. Acts No. 493, § 2; 2018 La. Acts No. 722, § 1, approved Nov. 6, 2018, eff. Dec. 12, 2018. Louisiana Constitution Article 1, § 17(B) was not amended.

unanimous verdict for unauthorized entry of an inhabited dwelling. Thus, the verdicts were proper under La.Const. art. 1, § 17.

In brief to this court, Defendant notes the Louisiana Supreme Court and the Courts of the Appeal have rejected the argument that a non-unanimous jury verdict violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. "Nevertheless, because the United States Supreme Court and/or the Louisiana Supreme Court may yet reach a different decision, [he] wishes to preserve his claim that the non-unanimous verdicts in his case violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution." Defendant further asserts there is "little doubt" that the Supreme Court will ultimately conclude that non-unanimous verdicts violate defendants' rights under the Sixth and Fourteenth Amendments. Defendant then explains why the Supreme Court will do so. In conclusion, Defendant asks this court to remand the matter for a new trial on the offenses of attempted illegal use of a weapon and possession of a weapon by a convicted felon.

The State suggests Defendant did not raise this issue in the trial court prior to appeal. Therefore, this court should not consider Defendant's allegation that the non-unanimous jury verdicts violated his constitutional rights. The Attorney General also asserts the constitutional challenge is procedurally barred.

In *State v. Bazile*, 12-2243, p. 8 (La. 5/7/13), 144 So.3d 719, 727, the supreme court addressed the preservation of constitutional issues for review:

> This court has long held the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. *State v. Hatton*, 2007–2377, p. 14 (La.7/1/08); 985 So.2d 709, 719; [*State v.*] *Schoening*, 2000–0903, p. 3[ (La. 10/17/00)]; 770 So.2d [762] at 764. In *Hatton*, the court set out the challenger's burden as a three-step analysis. "First, a party must raise the unconstitutionality in the trial court; second, the

4

unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized." *Id.*, 2007–2377, p. 14; 985 So.2d at 719. In addition, "the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading." *Id.*; 2007–2377, p. 15; 985 So.2d at 720.

In *State v. Williams*, 02-898, 02-1030, p. 7 (La. 10/15/02), 830 So.2d 984, 988, the supreme court further spoke to the issue as follows: "The general rule established by this Court is that issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Constitutional issues are no exception. *Vallo v. Gayle Oil Co.*, 94–1238 (La.11/30/94), 646 So.2d 859."

In both *State v. Davis*, 13-275 (La.App. 3 Cir. 10/23/13), 129 So.3d 554, *writ denied*, 14-10 (La. 6/13/14), 140 So.3d 1186, *cert. denied*, ___ U.S. ___, 135 S.Ct. 678 (2014), and *State v. Saltzman*, 13-276 (La.App. 3 Cir. 10/23/13), 128 So.3d 1060, *writ denied*, 14-11 (La. 6/13/14), 140 So.3d 1187, *cert. denied*, ___ U.S. ___, 135 S.Ct. 678 (2014), the defendants were tried on a charge of second degree murder and were convicted. On appeal, they argued that La.Code Crim.P. art. 782's requirement that ten of twelve jurors must concur to reach a verdict violated their constitutional right to a unanimous verdict. This court noted the issue was not raised in the trial court and found the defendants were not entitled to have the issue reviewed and considered by this court, citing La.Code Crim.P. art. 841. This court went on to state:

> Furthermore, the Louisiana Supreme Court has long found this issue to be constitutional. *State v. Edwards*, 420 So.2d 663 (La.1982). Thus, even if this issue had been raised in the lower court, the lower court would not have been at liberty to ignore the controlling jurisprudence of superior courts that a non-unanimous jury verdict is constitutional in non-capital cases.

*Davis*, 129 So.3d at 601-02.

5

In *State v. Tillery*, 14-429 (La.App. 5 Cir. 12/16/14), 167 So.3d 15, *writ denied*, 15-106 (La. 11/6/15), 180 So.3d 306, the defendant challenged the constitutionality of La.Code Crim.P. art. 782. He asserted the jury verdicts for two of his convictions should be reversed because non-unanimous verdicts violated the Sixth and Fourteenth Amendments of the United States Constitution. The record reflected defendant failed to file a motion to declare La.Const. art. I, § 17(A) or La.Code Crim.P. art. 782(A) unconstitutional. Additionally, he failed to object to the jury instruction informing the jury that ten of twelve jurors must concur to render a verdict. Further, he did not object to the verdicts after they were rendered. The fifth circuit did not review the issue because it was not sufficiently raised in the trial court. *See also State v. Ross*, 12-109 (La.App. 4 Cir. 4/17/13), 115 So.3d 616, *writ denied*, 13-1079 (La. 11/22/13), 126 So.3d 476; *State v. Escobar-Rivera*, 11-496 (La.App. 5 Cir. 1/24/12), 90 So.3d 1, *writ denied*, 12-409 (La. 5/25/12), 90 So.3d 411.

In *State v. Smith*, 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 501, *writ denied*, 09-2102 (La. 4/5/10), 31 So.3d 357, the defendant argued for the first time on appeal that the guilty verdict was invalid because the non-unanimous verdict violated his right to trial by jury under the United States and Louisiana Constitutions. He specifically asserted that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), "overruled by implication" the holding in *Apodaca*, 406 U.S. 404, 92 S.Ct. 162 (1972). The fifth circuit addressed the issue, stating:

> In *State v. Young*, 04–1318, pp. 13–14 (La.App. 5 Cir. 4/26/05), 902 So.2d 461, 470 and *State v. Fasola*, 04–902, p. 18 (La.App. 5 Cir. 3/29/05), 901 So.2d 533, 544, *writ denied*, 05–1069 (La.12/9/05), 916 So.2d 1055, this court declined to consider the defendants' constitutional arguments that the conviction based on a non-unanimous verdict was invalid absent an objection raised in the trial

6

court. Both cases relied on the Louisiana Supreme Court case of *State v. Williams*, 02–1030, p. 7 (La.10/15/02), 830 So.2d 984, 988.

In *Williams*, the Court pretermitted the defendant's constitutional challenge as he failed to first raise the issue in the trial court. *Williams* recognized that the general rule established by that Court was that issues not submitted to the trial court for decision would not be considered by the appellate court on appeal. It held that Constitutional issues were no exception. *Id.*

On the other hand, this court, while recognizing the general rule expressed in *Williams*, has nonetheless addressed, out of an abundance of caution, a constitutional issue regarding the habitual offender statute raised for the first time on appeal. *State v. Myles*, 04–434, p. 9 (La.App. 5 Cir. 10/12/04), 887 So.2d 118, 12[4].

Thus, there is uncertainty in our jurisprudence as to whether to pretermit constitutional issues that were raised for the first time on appeal. That uncertainty is also present in the jurisprudence from the Louisiana Supreme Court.

As early as 1978, the Louisiana Supreme Court recognized the uncertainty in the jurisprudence regarding whether to address a constitutional issue (that is similar to the instant case) on the merits when the issue was raised for the first time by brief and argument on appeal. *State v. Wrestle, Inc.*, 360 So.2d 831, 837, n. 9, (La.1978), *overruled in part on other grounds, Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). In *Wrestle*, the essential basis for the defendants' contention was their attack on the constitutionality, under the federal constitution, of the provisions of state law which at that time permitted a non-unanimous verdict in six-person juries. *Id.* The Court decided to address the merits of the claim. It made no attempt to reconcile conflicting principles enunciated by the jurisprudence. It recognized "the uncertainty of the jurisprudence," but "because the constitutional error (if any) [was] based on a United States Supreme Court decision decided subsequent to the present conviction and [was] revealed by the minutes," the Court deemed it "appropriate . . . to consider the alleged constitutional error first raised in [that] court[.]" *Id.*

More recently, the Louisiana Supreme Court reaffirmed the longstanding jurisprudential rule of law in Louisiana that litigants must raise constitutional attacks in the trial court, not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for the claim particularized. *Unwired Telecom Corp. v. Parish of Calcasieu*, 03–0732 (La.1/19/05), 903 So.2d 392, 399, n. 5 (*on rehearing*). In doing so, however, the Court noted the following exceptions to the general rule: (1) when a statute attempts to limit the constitutional power of the courts to review cases; (2) when the statute

7

has been declared unconstitutional in another case; (3) when the statute applicable to the specific case becomes effective after the appeal is lodged in the higher court; or (4) when an act which is the basis of a criminal charge is patently unconstitutional on its face and the issue is made to appear as an error patent on the face of the record. *Id.* (citation omitted). *See also: Mallard Bay Drilling, Inc. v. Kennedy*, 04–1089, p. 9 (La.6/29/05), 914 So.2d 533, 541. Therefore, the uncertainty in this area arises as a result of jurisprudential exceptions to the general rule.

In the present case, the thrust of the defendant's argument is that the codal article and the Constitutional article have been impliedly declared unconstitutional by *Apprendi*. As such, the defendant has arguably alleged an exception to the general rule pretermitting review on the merits of his constitutional claim. Cognizant of this exception, the First Circuit reviewed the merits of a claim not presented below on the basis that "[s]ince the statute at issue in this case has since been declared unconstitutional in another case, the plaintiff may raise the unconstitutionality of the statute for the first time on appeal." *Spooner v. East Baton Rouge Parish Sheriff Dept.*, 01–2663, p. 3 (La.App. 1 Cir. 11/8/02), 835 So.2d 709, 710.

In *Young* and *Fasola*, unlike the present case, the defendants evidently failed to argue that *Apprendi* overruled the pertinent constitutional and codal provisions. Thus, *Young* and *Fasola* are distinguishable.

Therefore, under the authority of the Louisiana Supreme Court jurisprudence that recognizes the exception to the general rule pretermitting review, we must consider whether *Apprendi* has overruled Louisiana's codal and constitutional authority validating a non-unanimous jury verdict for crimes necessarily punishable by hard labor.

*Smith*, 20 So.3d at 505-06 (first alteration ours).

The argument set forth in *Smith* was also made by the defendant in *State v. Brooks*, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, *writ denied*, 12-2478 (La. 4/19/13), 111 So.3d 1030. Therein, the state noted the defendant's failure to object to the "express terms of LSA–C.Cr.P. art. 782(A) at trial" and asserted the defendant "waived his right to contest the constitutionality of his non-unanimous jury verdict on appeal." *Id.* at 613. The fifth circuit noted the defendant's failure to file a motion to declare the non-unanimous jury verdict scheme unconstitutional

8

or object to the jury instructions or the verdict. The court cited La.Code Crim.P. art. 841 and stated: "Having failed to raise this alleged error in the trial court, defendant is not entitled to have this issue reviewed and considered by this Court." *Id.* at 614. The fifth circuit proceeded to conclude that if the error was properly before the court, it lacked merit. The court did not discuss *Smith* or the concerns set forth therein.

Defendant did not present his unconstitutional verdict claim to the trial court. Moreover, the gist of his argument to this court is the Supreme Court will eventually overrule *Apodaca*. Based on the cases cited herein and Defendant's failure to raise his claim in the trial court, Defendant waived review of the issues presented in this assignment of error.

## CONCLUSION

Defendant's convictions for attempted illegal use of a weapon and possession of a weapon by a convicted felon are affirmed.

**AFFIRMED.**

9