864 So.2d 832 (2003)
STATE of Louisiana
v.
Eric H. TRICHE.
No. 03-KA-910.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*833 Prentice L. White, Louisiana Appellate Project, Baton Rouge, LA, for Appellant, Eric H. Triche.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Parish of Jefferson, Terry M. Boudreaux, Andrea Long, Appellate Counsel, Donald A. Rowan, Jr., Trial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Defendant is before us on second appeal. On May 4, 2001, the Jefferson Parish District Attorney filed a bill of information charging defendant, Eric Triche, with possession with intent to distribute marijuana. La. R.S. 40:966 A. After trial, the twelve-person jury returned a verdict of guilty as charged. On November 9, 2001, the trial court sentenced defendant to 15 years at hard labor.
On November 9, 2001, the State also filed a habitual offender bill of information, alleging that defendant was a second felony offender. After a hearing on February 1, 2002, the trial judge found defendant to be a second felony offender. On March 1, 2002, the trial court imposed an enhanced sentence of 20 years at hard labor, without benefit of parole, probation, or suspension of sentence. On November 22, 2002, the trial court granted defendant an out-of-time appeal.
In his first appeal, defendant assigned only one error: the trial court erred in denying his motion to suppress the evidence. This Court found no merit to defendant's assignment and affirmed his conviction. State v. Triche, 03-149 (La.App. 5 Cir. 5/28/03), 848 So.2d 80. Upon reviewing *834 the record for errors patent, this Court recognized that the trial court had imposed an illegal sentence.[1] Accordingly, we vacated the defendant's sentence and remanded the matter for re-sentencing.
On July 11, 2003, the trial court imposed a new habitual offender sentence of fifteen years at hard labor, without benefit of probation or suspension of sentence. Defendant filed a motion for appeal on July 14, 2003, which the trial court subsequently granted.
On second appeal, defendant assigns two errors: the district court erred in finding the appellant to be a second-felony offender and the appellant's fifteen[-]year sentence was "indeed excessive."
In his first assignment of error, defendant complains that the trial court's February 1, 2002 finding that he was a second felony offender was erroneous. Defendant does not, however, give reasons to support his argument. Instead, he asks this Court to conduct an "errors patent review of the multiple bill hearing."
Defendant is not entitled to review of the habitual offender proceeding. In our previous opinion, this Court affirmed the trial court's habitual offender finding,[2] vacated the original sentence, and remanded solely for re-sentencing. Defendant is, therefore, only entitled to raise issues pertaining to that re-sentencing. Accordingly, we will not consider defendant's first assignment of error.
In his second assignment of error, defendant complains that the trial court's revised habitual offender sentence of fifteen years is excessive. We note that defendant did not make an oral or written motion to reconsider sentence in the district court.[3] The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence only for constitutional excessiveness. State v. Dillon, 01-906 (La.App. 5 Cir. 2/26/02), 812 So.2d 770, 773, writ denied, 02-1189 (La.4/21/03), 841 So.2d 779.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive, even if it is within statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Zaldivas, 02-0690, p. 9 (La.App. 5 Cir. 12/30/02), 836 So.2d 577, 583, writ denied, 03-0705 (La.10/17/03), 855 So.2d 757. Trial judges are granted great discretion in imposing sentence, and if the record supports the sentence imposed, the court of appeal will not set it aside on grounds of excessiveness. La. C.Cr.P. art. 881.4(D); State v. Richmond, 98-1015, p. 8 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
*835 As noted by the State in its appellee brief, when the trial judge re-sentenced defendant, he reduced defendant's term of imprisonment from twenty to fifteen years. Defendant's current sentence is the mandatory minimum sentence set forth in the statute that was in effect at the time defendant committed the underlying offense.[4] La. R.S. 40:966(B)(2); La. R.S. 15:529.1(A)(1)(a). The mandatory minimum sentence under the Habitual Offender Law is presumed constitutional. State v. Williams, 01-1007 (La.App. 5 Cir. 2/26/02), 811 So.2d 1026, 1032.
If, however, a trial court finds that an enhanced punishment mandated by La. R.S. 15:529.1 makes "no measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial court has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). In this case, defendant failed to argue at either his original habitual offender sentencing or his re-sentencing that his sentence made "no measurable contribution to acceptable goals of punishment" or that his sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and was "grossly out of proportion to the severity of the crime." Moreover, on appeal, defendant fails to provide a viable argument as to why the trial court should have deviated below the statutory minimum in his case. We find that defendant did not present any evidence, much less clear and convincing evidence, sufficient to rebut the presumption that the mandatory minimum sentence mandated by the legislature is constitutional.
In this case, although the trial judge did not articulate reasons for this sentence, it was unnecessary for the trial judge to do so because this sentence was mandatory. State v. Windham, 99-637 (La.App. 5 Cir. 11/30/99), 748 So.2d 1220, 1224 (citing State v. Haynes, 98-588 (La. App. 5 Cir. 2/23/99), 729 So.2d 104, 109). Furthermore, there is nothing in the record to show that defendant's sentence is grossly out of proportion to the severity of his crime. Defendant's predicate conviction alleged in the habitual offender bill of information was for possession of cocaine. In the instant case, defendant was arrested after police observed him distributing cocaine from the trunk of his car behind the restaurant where he was employed. The record reflects that defendant demonstrated a pattern of drug activity.
In sum, we find that the trial court did not abuse its wide discretion in imposing the mandatory minimum habitual offender sentence of fifteen years. We conclude that defendant's second assignment of error lacks merit.
Finally, we have reviewed the instant record and found no errors requiring remand. State v. Gassenberger, 02-658 (La. App. 5 Cir. 12/11/02), 836 So.2d 271, 274. Based on the foregoing, we affirm defendant's habitual offender sentence.
AFFIRMED.
NOTES
[1] The trial court, in imposing the habitual offender sentence, improperly denied defendant parole eligibility. See La. R.S. 15:529.1(G).
[2] We note that, in his first appeal, defendant did not challenge the trial court's finding that he was a habitual felony offender. See State v. Triche, supra.
[3] In fact, after defendant was re-sentenced as a second felony offender on July 11, 2003, defense counsel stated:

Mr. Triche had indicated to me that, that he wanted to appeal the issue, not of the sentencing that was just done, but of the multi bill hearing itself, and that he indicated to me that that was not made an issue on the original appeal, and that he wanted to bring it up, and so I told him, I think the best thing to do, isbecause this is sentencing, to treat it as though you're starting all over, and to appeal that particular issue.
[4] When a defendant is sentenced as a habitual offender, "[t]he penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute." State v. Fletcher, 03-60, p. 13 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1222, quoting State v. Bruins, 407 So.2d 685, 687 (La. 1981).