892 So.2d 646 (2004)
STATE of Louisiana,
v.
Wilton GIROD.
No. 04-KA-854.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*647 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Cameron Mary, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Wilton Girod, Angola, LA, Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
*648 WALTER J. ROTHSCHILD, Judge.
The Jefferson Parish District Attorney filed a twenty-one-count bill of information against defendant, Wilton Girod, and three other individuals, Juan Lastrapes, Avery Logue, and Reanna Mataya, charging them with theft, simple burglary, criminal damage to property and illegal possession of stolen things. Defendant pled not guilty at arraignment. On February 13, 1996, defendant went to trial before a six-person jury on counts nine and eleven, illegal possession of stolen things valued at over $500 in violation of LSA-R.S. 14:69. The jury returned a verdict of guilty as charged on both counts.
The trial judge sentenced defendant to serve a term of eight years at hard labor on each count to run concurrently. On September 6, 1996, the State dismissed the remaining charges in this case against defendant, but reserved the right to reinstate the charges. The State subsequently filed a multiple offender bill of information alleging defendant to be a fourth felony offender. After conducting a multiple offender hearing, the trial court found defendant to be a fourth felony offender, vacated the original sentence, and imposed a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on November 18, 1996.
On appeal, this Court found that the trial court applied the wrong version of LSA-R.S. 15:529.1 when imposing the life sentence. Under the version of the habitual offender law in effect when defendant committed the underlying offense in November of 1994, a life sentence was not mandatory for a fourth felony offender with one predicate crime of violence. Accordingly, this Court affirmed the convictions, but vacated the sentence and remanded for resentencing. State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771, 777-778, writ denied, 98-0244 (La.6/19/98), 719 So.2d 480.
On October 12, 2001, the trial judge imposed a thirty-five-year enhanced sentence at hard labor without benefit of probation or suspension of sentence. The judge also imposed a sentence of eight years at hard labor on count eleven, to be served concurrently with the enhanced sentence. On November 15, 2001, defendant filed a pro se motion for reconsideration of sentence, which was denied on November 26, 2001. Defendant also filed a pro se Motion In Support of Defendant's Motion for Reconsideration of Sentence, which the trial court denied on January 10, 2002.[1]
On or about December 14, 2001, defendant filed a pro se motion for appeal, followed by a pro se writ in this Court on April 26, 2002, seeking to compel the trial court to rule on his motion for appeal. On May 3, 2002, this Court ordered that that matter be transferred to the trial court for a ruling on the motion. Wilton Girod v. State of Louisiana, 02-KH-426, unpublished writ disposition. On May 14, 2001, the trial judge denied the motion for appeal as untimely. Defendant filed a pro se notice of intent to seek writs from the trial court's May 14, 2002 ruling, which the trial court denied as untimely on July 10, 2002.[2] Defendant filed a pro se application for *649 post-conviction relief on August 2, 2002, seeking to reinstate his right to appeal, which the trial court denied as untimely. Defendant sought review with this Court, but writs were denied on December 17, 2002. State ex rel. Wilton Girod v. Burl Cain, 02-KH-1234, unpublished writ disposition. However, the Louisiana Supreme Court granted defendant's writ application and remanded the matter to the district court to grant defendant an out-of-time appeal. State v. Girod, 03-401 (La.2/13/04), 867 So.2d 672. On June 8, 2004, the trial court granted the appeal. Counsel for defendant filed a brief in this Court on July 23, 2004, and defendant filed a pro se brief asserting additional assignments of error on November 9, 2004.

FACTS[3]
John Russo testified that on the night of November 7, 1994, his 1986 tan Ford F-250 pickup truck ... was stolen from his business, Johnny's Crab Traps, which was located on Chef Mentuer Highway in New Orleans. He later received a telephone call from an anonymous caller reporting the location of his truck and Russo notified the police of this information.
Deputy Shane Taylor of the Jefferson Parish Sheriff's Office testified that he recovered Russo's pick-up truck at 2800 Mt. Kennedy, an apartment complex located in Jefferson Parish. When Russo retrieved his truck, he noticed that the steering column was broken, the radio was "ripped out" and his rack used to deliver crab traps was missing.
Robert Knapp, branch manager of Beard Equipment Company in Mobile, Alabama, testified that a John Deere lawn mower was stolen from Beard Equipment Company over the weekend of November 12-13, 1994. He identified an invoice for the lawn mower showing that Beard Equipment Company received it on November 8, 1994, and the invoice also showed that it was purchased for the price of $2,009.20.
Juan Lastrapes testified that he, Avery Logue, and the defendant were involved in the theft of a tan Ford F250 pick-up truck from Johnny's Crab Traps in New Orleans. Lastrapes stated that the defendant, whom he knew as "Jerome," entered the premises of Johnny's Crab Traps, "hot wired" the truck and drove it back to the defendant's apartment on Destrahan Avenue in Jefferson Parish.
Lastrapes also testified that he, Logue, the defendant and another subject named "Wayne" drove to Mobile, Alabama in Logue's car. Lastrapes stated that the defendant told Logue to pull into the driveway of a business which sold John Deere equipment. The defendant exited the car and cut the locks on the gate. There was a trailer loaded with a large lawn mower inside the gate. Defendant hitched the trailer to a truck inside the gate, "hot wired" the truck, and drove the truck out of the gate. Lastrapes next saw the lawn mower parked across the street from defendant's apartment.
[Wren] Reagan testified that in November of 1994, the defendant, whom he knew as "Baldy," offered to sell him a beige Ford 250 pickup truck, which defendant had driven to his residence located in Gretna, Louisiana. Reagan stated that he did not buy the truck, but that he did purchase a John Deere lawn mower from the defendant.
Lieutenant Toca of the Jefferson Parish Sheriff's Office testified that he conducted *650 a search of Reagan's residence after obtaining his consent, and he found the lawn mower in the shed.

ASSIGNMENT OF ERROR NUMBER ONE
The imposition of a thirty-five year sentence under the facts of this case is both unconstitutional and excessive.

DISCUSSION
In brief filed by counsel, defendant contends that his enhanced sentence is unconstitutional because he was entitled to a jury trial of the facts found by the trial judge in the habitual offender proceeding. He also contends that the thirty-five-year sentence is constitutionally excessive because he did not use a weapon when committing the underlying offense of possession of stolen things and because the underlying offense is a non-violent crime. Finally, defendant contends the sentence should be vacated because the trial judge failed to articulate a justification for the sentence as required by LSA-C.Cr.P. art. 894.1 The State responds that defendant's sentence is not constitutionally excessive and that defendant was not entitled to a jury trial in the habitual offender proceeding.
Defendant's motion to reconsider does not contain the claim that the trial court failed to comply with the provisions of Article 894.1 The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, limits a defendant to a review only for constitutional excessiveness. LSA-C.Cr.P. art. 881.1(E); State v. Dupre, 03-256 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 La.5/14/04), 872 So.2d 509. Accordingly, defendant is not entitled to a review of this claim.
Turning to defendant's argument on constitutional excessiveness of the enhanced sentence, the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is excessive if it is grossly disproportionate to the seriousness of the offense so as to shock our sense of justice, or if it imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Brown, 01-160 (La.App. 5 Cir. 5/30/01), 788 So.2d 667, 674.
The record discloses defendant was found to be a fourth felony offender with predicate convictions of simple robbery, possession of PCP, and possession of cocaine. As such, defendant was faced with a sentencing range of twenty years to life imprisonment without benefit of probation or suspension of sentence. See, State v. Girod, 703 So.2d at 777. When imposing the thirty-five-year enhanced sentence on October 12, 2001, the trial judge stated that she had familiarized herself with the record and that she was imposing the sentence for the same reasons that she had previously given. At the previous sentencing in 1996, the trial judge stated that the defendant had "been around the block far too many times" and that the "Court will not allow it again."
The record supports the trial judge's statement. Defendant's birthday is July 8, 1964, and he was thirty-seven years old when the most recent enhanced sentence was imposed on October 12, 2001. According to documents introduced at the multiple offender hearing in 1996, defendant committed his first predicate offense in 1983, when he was eighteen years old. Although originally charged with armed robbery, defendant pled guilty to simple robbery and received a suspended sentence in 1984.
Since that time, defendant has demonstrated himself to be a career criminal. Defendant committed the next predicate *651 offense of possession of PCP in 1985 while on probation. He was sentenced to three and one-third years at hard labor in 1986, and was released on parole on September 8, 1987. A few months later, defendant committed his third predicate, possession of cocaine on January 21, 1988 and received an eighteen-month sentence. Defendant was discharged from custody of the Department of Corrections on December 2, 1989.
Beginning in 1991, defendant was arrested at least once a year before committing the instant offense in November of 1994. These arrests comprise numerous felony and misdemeanor offenses, including possession of stolen property; theft; simple kidnapping; traffic violations; carrying of a weapon by a convicted felon; aggravated assault; criminal damage; and criminal trespass. Considering the foregoing, the record supports the sentence imposed.
In addition, longer sentences have been held to be constitutional for similarly situated offenders. For example, in State v. Franklin, 31,068 (La.App. 2 Cir. 9/23/98), 719 So.2d 578, 583, writ denied, 98-2982 (La.3/19/99), 739 So.2d 781, the court found that the record supported an enhanced sentence of forty years at hard labor on conviction for possession of cocaine with intent to distribute for a thirty-year-old fourth felony offender with an extensive criminal history.
The multiple offender law expresses clear legislative intent; repeat offenders are to receive serious sentences. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 353. When reviewing a sentence on appeal, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461, 462. Considering defendant's extensive criminal history, plus the fact that defendant's sentence is only fifteen years above the minimum twenty-year sentence, we fail to find that the trial judge abused her discretion when imposing the enhanced sentence.
In addition to the above argument, defendant argues that his finding as a fourth felony offender should be set aside because LSA-R.S. 15:529.1 is unconstitutional. Specifically, defendant contends that the trial judge utilized facts not found by the jury at his underlying trial for possession of stolen things when enhancing his sentence in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
In Apprendi, the Supreme Court held that the constitution requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S.Ct. at 2362-2363. In Blakely, the Supreme Court explained that the "relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, ___ U.S. at ___, 124 S.Ct. at 2537 (emphasis as found in the original).
The Louisiana Supreme Court has consistently held that habitual offender proceedings do not charge a separate crime but merely constitute ancillary sentencing proceedings such that the punishment for a new conviction is enhanced. See, State v. Parker, 03-924 (La.4/14/04), 871 So.2d 317, 322, and the cases cited therein. Citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Louisiana Supreme Court noted in State v. *652 Brown, 03-2788 (La.7/6/04), 879 So.2d 1276, cert. denied, ___ U.S. ___, 125 S.Ct. 158, 160 L.Ed.2d 40 (2004), that a prior conviction is recognized as a constitutionally permissible sentencing factor because "prior convictions have been, by their very nature, subject to the fundamental triumvirate of procedural protections intended to guarantee the reliability of criminal convictions: fair notice, reasonable doubt and the right to a jury trial." Id. at 1283.
State v. Brown observed that Apprendi "exempted the fact of a prior conviction from its holding because defendants enjoyed criminal procedural safeguards, including the right to a jury trial and proof beyond a reasonable doubt, which assured the accuracy and reliability of the prior record." State v. Brown, 879 So.2d at 1282.
Defendant challenges his 1996 habitual offender finding on the basis of an Apprendi violation for the first time on appeal. For several reasons, we will not address this issue in this appeal. First, the general rule is that issues that are not submitted to the trial court for decision will not be considered by the appellate court on appeal. State v. Williams, 02-1030 (La.10/15/02), 830 So.2d 984, 988. "Constitutional issues are no exception." Id. (citing Vallo v. Gayle Oil Co., 94-1238 (La.11/30/94), 646 So.2d 859). In Williams, defendant challenged the constitutionality of an evidentiary article on appeal, but did not raise the issue in the trial court. The Williams court pretermitted discussion of the defendant's claim, noting that "[t]he constitutionality of the statute was clearly not the central focus of any hearing and the trial record does not contain any arguments on the topic. The only mention of the constitutionality of the statute was on appeal." Id. at 988.
As in Williams, defendant's constitutional claim was clearly not the focus of any hearing and the record contains no argument on the topic. The only mention of it is on appeal. Accordingly, we find that discussion of defendant's constitutional challenge to LSA-R.S. 15:529.1 should be pretermitted as well.
However, this Court in State v. Myles, 04-434 (La.App. 5 Cir. 10/12/04), 887 So.2d 118, 124, acknowledged the above rule, but addressed a defendant's Apprendi challenge to his habitual offender finding in an abundance of caution. The Myles court concluded that the Apprendi exception applies to sentencing enhancements and found no merit in defendant's claim. Id.
The instant case is distinguishable from Myles in that this is defendant's second appeal, whereas Myles involved a first appeal. Rather, this case is more like State v. Triche, 03-910 (La.App. 5 Cir. 12/30/03), 864 So.2d 832, which held that defendant was only entitled to raise, in his second appeal, issues pertaining to re-sentencing when his habitual offender finding was affirmed in his first appeal. The Triche court noted that in the previous opinion, State v. Triche, 03-149 (La.App. 5 Cir. 5/28/03), 848 So.2d 80, writ denied, 03-1979 (La.1/16/04), 864 So.2d 625, this Court affirmed the trial court's habitual offender finding, vacated the original sentence, and remanded solely for re-sentencing. As such, the Court did not consider defendant's assignment of error challenging his habitual offender finding. State v. Triche, 864 So.2d at 834.
Likewise, this Court in the instant case vacated defendant's sentence and remanded for the purpose of re-sentencing in defendant's first appeal and the Louisiana Supreme Court denied writs. See, State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771, 777-778, writ denied, 98-0244 (La.6/19/98), 719 So.2d 480. Accordingly, we fail to find that defendant's assignment *653 challenging his habitual offender finding should be considered on this appeal.
In any event, defendant's argument has no merit. Because defendant's sentence was enhanced based on prior convictions and not any other fact, defendant was not entitled to a jury trial under Apprendi.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER ONE
THE TRIAL COURT ABUSED IT'S [sic] DISCRETION WHEN CONSIDERING APPELLANT [sic] 1985 SIMPLE ROBBERY CONVICTION AS A CRIME OF VIOLENCE. (Capitalization as found in the original.)

DISCUSSION
Defendant contends that he was subject to an ex post facto application of the law because the trial court considered his 1984 simple robbery conviction as a crime of violence, when simple robbery was not designated as a crime of violence by LSA-R.S. 14:2(13) until 1992. Defendant raised this claim in his pro se motion for reconsideration of sentence filed on November 15, 2001. This motion was not filed within thirty days of sentencing, as required by LSA-C.Cr.P. art. 881.1. Even if defendant's motion to reconsider was timely under the "mailbox rule," this claim has no merit.[4]
According to State ex rel. Olivieri v. State, 00-172, 00-1767 (La.2/21/01), 779 So.2d 735, 744, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001), the Louisiana Supreme Court adopted the narrower federal ex post facto jurisprudence, which focuses on whether a new law redefines criminal conduct or increases the penalty by which it is punished, not whether the defendant has simply been disadvantaged.
In 1992, the Louisiana Legislature added paragraph 13 to LSA-R.S. 14:2. Paragraph 13 defined the term "crime of violence" and delineated certain offenses as crimes of violence. Simple robbery was included in the list of violent crimes. However, the 1992 amendment did not change the definition of the crime or increase the punishment for defendant in any way. Further, the Louisiana Supreme Court has indicated robbery is a violent crime long before the 1992 amendment. See, State v. Savoy, 205 La. 650, 663, 17 So.2d 908, 912 (La.1944), which included robbery, along with "murder or manslaughter, ... or cutting with intent to murder," as examples of crimes of violence. Thus, while defendant contends in his brief that it was a "reasonable probability" he would have received a lesser sentence if the simple robbery conviction had not been designated as a crime of violence under LSA-R.S. 14:2(13), there is no legal or factual support for this position. Accordingly, this assignment has no merit.

PRO SE ASSIGNMENT OF ERROR NUMBER TWO
THE TRIAL COURT IMPOSED AN EXCESSIVE SENTENCE IN EACH COUNT. (Capitalization as found in the original.)

DISCUSSION
In this pro se assignment, defendant claims that his enhanced sentence and his *654 eight year sentence on the other count of illegal possession of stolen things are excessive. This opinion has previously addressed the excessiveness claim on the enhanced sentence, and found it to have no merit.
Further, we find that defendant's pro se challenge to his eight-year sentence is not properly before this Court. In State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771, writ denied, 98-0244 (La.6/19/98), 719 So.2d 480, which was defendant's first appeal, this Court vacated defendant's multiple offender sentence, remanded for the purpose of re-sentencing, and the Louisiana Supreme Court denied writs. Because this assignment does not relate to defendant's resentencing, we fail to find that it is properly before this Court. See, State v. Triche, 03-910 (La.App. 5 Cir. 12/30/03), 864 So.2d 832, 834, writ denied, 03-1979 (La.1/16/04), 864 So.2d 625.

PRO SE ASSIGNMENT OF ERROR NUMBER THREE
APPELLANT WAS PREJUDICE [sic] BY THE UNREASONABLE DELAY IN THE RESENTENCING PROCESS. (Capitalization as found in the original.)

DISCUSSION
In this assignment of error, defendant contends that the trial judge unreasonably delayed in sentencing him in violation of LSA-C.Cr.P. art. 874.
On November 25, 1997, this Court vacated defendant's life sentence as a fourth felony offender and remanded for resentencing and the Louisiana Supreme Court denied writs on June 19, 1998. On August 23, 2001, defendant, through counsel, filed a Motion to Correct and/or Amend Illegal Sentence, which asserted that his case was not remanded to the trial court and moved to correct the sentence. Resentencing was held on October 12, 2001. Defendant filed a pro se motion to reconsider sentence on November 15, 2001, in which he asserted that the delay in resentencing was unreasonable. The trial judge denied the motion on November 26, 2001.
As noted above, defendant's pro se motion to reconsider was not filed within thirty days of sentencing, as required by LSA-C.Cr.P. art. 881.1. Even if defendant's motion to reconsider was timely under the "mailbox rule," we fail to find that the trial judge erred in denying the motion because defendant suffered no prejudice.
LSA-C.Cr.P. article 874 provides that "[s]entence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court." The sanction for noncompliance is divestiture of the trial court's sentencing jurisdiction. State v. McQueen, 308 So.2d 752, 755 (La.1975).
In State v. Johnson, 363 So.2d 458, 461 (La.1978), seven years elapsed between the defendant's conviction and sentence. The Johnson court declined to determine the reasonableness of the delay, but held that defendant was not entitled to have his conviction and sentence set aside, since he sustained no prejudice by the delay.
Likewise, in State v. Stewart, 98-1215 (La.App. 4 Cir. 3/10/99), 732 So.2d 74, writ denied, 99-1059 (La.9/24/99), 747 So.2d 1116, the Fourth Circuit concluded that the defendant was not prejudiced by a delay of three years and four months between remand and resentencing. In Stewart, the defendant was originally sentenced eighteen days after his conviction to life imprisonment. After his convictions were affirmed and his sentence vacated, three years and four months passed before the defendant was resentenced. The Stewart court noted that, even though none of the delay was attributable to the defendant, he *655 was not prejudiced because he could not have expected anything other than the mandatory life sentence for his distribution of heroin. Compare, State v. Hancock, 99-293 (La.App. 3 Cir. 11/24/99), 748 So.2d 549, which held that an eight-year delay between the time that the State was notified that defendant was in federal prison and his sentencing on state drug charges was prejudicial, since a detainer placed against the defendant prevented his eligibility for parole to a half-way house.
In the present case, three years and three months passed between the Louisiana Supreme Court's denial of writs on June 19, 1998 and October 12, 2001, when defendant was resentenced. Although the record does not disclose the cause of the delay, there is no indication that defendant was prejudiced by it. As a fourth felony offender, the sentencing range defendant faced was twenty years to life. Thus, defendant could not reasonably have expected any sentence less than twenty years. Defendant received a thirty-five-year enhanced sentence. As in Stewart and Johnson, defendant has demonstrated no prejudice by the delay.
This assignment has no merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The following matters were discovered:
The habitual offender commitment reflects that defendant was convicted of possession of stolen things valued at more than $100, while the record shows that defendant was convicted of possession of stolen things valued over $500. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). In State v. Bell, 03-217 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90-91, this Court noted that this type of mistake was a clerical error that did not prejudice the defendant, but ordered the trial judge to correct the commitment to insure an accurate record. As such, we order the trial judge to correct the commitment for accuracy.

DECREE
Accordingly, for the reasons assigned herein, the sentence of defendant Wilton Girod is affirmed. The case is remanded to the trial court with instructions to correct the commitment for accuracy.
AFFIRMED; CASE REMANDED WITH INSTRUCTIONS
NOTES
[1] The file date stamp is not visible on the copy of the Motion In Support of Defendant's Motion for Reconsideration of Sentence. However, the trial court's order denying the motion indicates it was filed on December 11, 2001, which was more than thirty days from the October 12, 2001 sentence.
[2] The file date stamp is illegible on the notice of intent, but the trial court's order indicates that it was filed on June 25, 2002, more than thirty days after the May 14, 2002 ruling.
[3] The factual statement is restated from our original opinion. State v. Girod, at 773-774. The footnote is omitted.
[4] State ex rel. Egana v. State, 00-2351 (La.9/22/00), 771 So.2d 638, approved of the use of the "mailbox rule" referred to in Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988), for pro se appeals. Houston, held that a pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court.