940 So.2d 29 (2006)
STATE of Louisiana
v.
Salvador MOURRA.
No. 06-KA-133.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Provino C. Mosca, Attorney at Law, Harahan, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and JAMES C. GULOTTA, Judge, Pro Tempore.
JAMES C. GULOTTA, Judge, Pro Tempore.
The Defendant, Salvador Mourra, appeals from his guilty plea to attempted possession of a firearm by a convicted felon and his sentence to imprisonment at hard labor for five years. We affirm.
On July 22, 2005, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1.[1] The Defendant was *30 arraigned on July 25, 2005 and pled not guilty. On January 20, 2006, the trial court denied the Defendant's motion to quash the bill of information.
On that same date, the state amended the bill of information reducing the charge to attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27 and 14:95.1. Because the Defendant pled guilty, there are no facts in the record other than those found in the probable cause affidavit and the bill of information. The affidavit indicates that on May 6, 2005, probation and parole conducted a residence check of the Defendant. A random drug test was administered and he tested positive for cocaine. A search of the residence revealed sixteen firearms and body armor. Defendant was arrested after the officer determined that he was a convicted felon. The bill of information states that, on May 6, 2005, the Defendant was found in possession of a firearm, having been previously convicted of the crime of aggravated flight from an officer, an enumerated crime of violence in La. R.S. 14:2(13)(oo).
After the bill of information was amended to the reduced charge, the Defendant withdrew his plea of not guilty and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court's denial of the motion to quash. The trial court subsequently sentenced the Defendant to imprisonment at hard labor for five years to run concurrently with an earlier probation revocation.
ASSIGNMENT OF ERROR NUMBER ONE
In Defendant's sole assignment of error, he argues the trial judge erred in denying his motion to quash the bill of information. Mourra contends the State should not have charged him with a violation of La. R.S. 14:95.1, because his commission of the underlying felony, aggravated flight from an officer. La. R.S. 14:2(13) in 1999, was not classified as a crime of violence. The Defendant argues that the 2003 amendment to La. R.S. 14:2(13) making the crime of aggravated flight from an officer a crime of violence should not apply to him now because it constitutes retroactive application that violates his ex post facto rights.
The State responds that there is no ex post facto violation in this case, citing State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, and State v. Girod, 04-854 (La.App. 5th Cir.12/28/04), 892 So.2d 646, writ denied, XXXX-XXXX (La.6/3/05), 903 So.2d 455 in support of its position. The State argues that the amendment to La. R.S. 14:2(13) is not being applied retroactively in this case. The amendment was effective before the Defendant committed the acts that subjected him to the instant charge. The crime defined by La. R.S. 14:95.1, at the time the Defendant committed the offense, included the act of possessing a firearm by a person who had been convicted of aggravated flight from an officer. Moreover, the amendment to La. R.S. 14:2(13) did not redefine the crime or increase the penalty of La. R.S. 14:108.1(C), aggravated flight from an officer.
In the instant case, the Defendant was charged with violating La. R.S. 14:95.1 which provided, at the time the offense was committed, May 6, 2005, that, "[i]t is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony . . . or any crime defined as an attempt to commit one of the above-enumerated offenses . . . to possess a firearm or carry a concealed *31 weapon."[2] On May 6, 2005, La. R.S. 14:2(13), defining and enumerating "crimes of violence," listed "Aggravated flight from an officer."
Historically, when paragraph 13 was added to La. R.S. 14:2 in 1992, defining the term "crime of violence" and delineating certain offenses as crimes of violence, aggravated flight from an officer was not included. La. Acts 1992, No. 1015, § 1. The crime of aggravated flight from an officer was included in that list of violent crimes in 2003 when La. R.S. 14:2(13) was amended by La. Acts 2003, No. 637, § 1, effective August 15, 2003. The Defendant committed the offense of aggravated flight from an officer prior to the amendment but pled guilty to it after the amendment. More importantly, when the Defendant committed the instant offense of possessing a firearm by a convicted felon, the crime of aggravated flight from an officer for which the Defendant had been previously convicted was an enumerated crime of violence.
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272, 1280. The U.S. Supreme Court recently commented on the Ex Post Facto Clause in Rogers v. Tennessee, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), as follows:
The Clause provides simply that "no State shall . . . pass any . . . ex post facto Law." Art. I, § 10, cl. 1. The most well-known and oft-repeated explanation of the scope of the Clauses's protection was given by Justice Chase, who long ago identified, in dictum, four types of laws to which the Clause extends:
1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender. Calder v. Bull, 3 Dallas [U.S.] 386, 390, [1 L.Ed. 648] (1798) (seriatim opinion of Chase, J.)
See also: California Dept. of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Collins v. Youngblood, 497 U.S. 37, 41-42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).
In State v. Everett, 00-2998 (La.5/14/02) 816 So.2d 1272, the Court stated that the focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790; State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). In analyzing the ex post facto implications of the Habitual Offender Law in Everett, the Court noted that "the relevant `offense' is the current crime, not the predicate crime." State v. Rolen, 95-0347, p. 3 (La.9/15/95), 662 So.2d 446, 448 (quoting United States. v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir.1994)). Further, the Louisiana Supreme Court recently, in State v. Sugasti 01-3407 (La.6/21/02), 820 *32 So.2d 518, reiterated that it has consistently been held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, 384 So.2d 399, 401 (La.1980).
While the Defendant is correct that, when he committed the offense of aggravated flight from an officer, the offense was not defined as a crime of violence, his argument overlooks the fact that the applicable law is that in effect at the time of the commission of the current offense and not the predicate crime. State v. Rolen, supra. The 2003 amendment to La. R.S. 14:2(13), delineated the offense of aggravated flight from an officer as a crime of violence. In doing so, the Legislature brought the offense within the criminal prescription set out in La. R.S. 14:95.1, making it unlawful for persons convicted of certain felonies, including aggravated flight from an officer, to possess a firearm. We note that criminal conduct was not redefined and the penalty by which the crime was punishable was not increased. Moreover, at the time of the offense, the amendment was effective and the conduct defined as criminal was clear.
In cases similar to the instant one, both the Supreme Court, in State v. Everett, supra, and this Court, in State v. Girod, supra, applied the same reasoning in finding no ex post facto violations where the changes in the statutes were effective before the defendants committed their latest offenses.
In Everett, the Court considered the ex post facto implications of an amendment to the Habitual Offender Law, La. R.S. 15:529.1. In 1995, the Habitual Offender statute was amended to increase the five year applicability period, for abating the collateral consequences of prior convictions for any future violations of the statute, to ten years. In finding no ex post facto violation, the Court noted:
The 1995 amendment did not redefine criminal conduct or increase the punishment after defendant committed the underlying offense, the only relevant crime for purposes of ex post facto analysis. At the time defendant committed the underlying offense on September 5, 1998, he had been placed on notice by the State that the period of applicability of the Habitual Offender Law had changed and that he could no longer rely on the former five-year period of applicability to abate the collateral consequences of his prior convictions for any future violations of the statute. We therefore conclude the 1995 amendment to La. R.S. 15:529.1(C) is applicable to defendant's multiple offender adjudication in 1999.
Similarly, in Girod, this Court found no ex post facto violations where the crime of simple robbery had been redefined as a crime of violence after the defendant had been convicted of the offense but before he committed a subsequent offense, allowing the imposition of an enhanced penalty for one previously convicted of a crime of violence. This Court found that the 1992 amendment that added La. R.S. 14:2(13) did not change the definition of the crime or increase the punishment for defendant in any way. Girod, 892 So.2d at 653.
In his reply brief, the Defendant attempts to distinguish Girod, arguing that the present case, unlike Girod, involved a defective boykinization[3] which only became evident after the Defendant's arrest on the instant charge. The Defendant points out that the instant case, unlike Girod, involved a violation of La.C.Cr.P. art. 890.1, because the Defendant was not informed, at the time of sentencing, that his offense was a crime of violence. Therefore, he argues that Girod is not *33 applicable here, and the conviction should not be used against him now as a crime of violence.[4] We disagree.
We find the reasoning in Girod persuasive. As in Everett and Girod, we find no ex post facto violation in this case. The 2003 amendment to La. R.S. 14:2(13) did not change the definition or penalty for aggravated flight from an officer. The amendment did, in effect, broaden the scope of La. R.S. 14:95.1 by including aggravated flight from an officer as a crime of violence, making it illegal for one convicted of that offense to possess a firearm. Nonetheless, for purposes of applying La. R.S. 14:95.1, the critical date is the date of the commission of the offense by the Defendant. When the Defendant was found to be in possession of a firearm, La. R.S. 14:95.1 had been amended, was effective and included persons convicted of aggravated flight from an officer. Promulgation of a law is deemed adequate notice. State ex rel. Counterman v. Whitley, 611 So.2d 661, 666 (La.App. 1st Cir.1992). Although the Defendant in the instant case claims that, when he pled guilty in 2005 to aggravated flight from an officer, he did not know that he was pleading guilty to a crime that had since been included as a crime of violence, ignorance of a criminal statute is not a defense to criminal prosecution. La. R.S. 14:17; State v. Neal, 500 So.2d 374, 379 (La.1987). Thus, since the Defendant committed the crime of possession of a firearm by a convicted felon in 2005, after the effective date of the 2003 amendment to La. R.S. 14:2(13), he was on notice of the criminal consequences of his actions.
Accordingly, we find no error in the trial court ruling denying the Defendant's motion to quash.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals no errors that require corrective action.[5]
Accordingly, for the reasons set out above, we affirm the Defendant's conviction for possession of a firearm by a convicted felon and his sentence to five years imprisonment at hard labor.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant's underlying conviction was for aggravated flight from an officer in violation of La. R.S. 14:108.1 C in case number 99-4227 of the 24th Judicial District Court. The record indicates that the Defendant committed the underlying offense of aggravated flight from an officer on June 6, 1999 but, because he relocated, did not plead guilty to the offense until March 4, 2005. At the time this offense was committed it was not designated as a crime of violence. See infra.
[2] As was noted previously, the Defendant pled guilty to attempted possession of a firearm by a convicted felon.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[4] As stated infra, it is well settled that the law in effect at the time of the commission of the offense is determinative of the proscribed conduct and the penalty which the convicted accused must suffer. In this case, when Defendant committed the offense of aggravated flight from an officer (1999) it was not defined as a crime of violence and to have designated it as such at sentencing (2005) might well be an ex post facto violation that Defendant complains of herein. However, we note that even if the trial court had failed to comply with the requirement of La.C.Cr.P. art. 890.1, as argued by Defendant, this would have been harmless and would have no effect on the instant case. State v. Allen, 99-2898 (La.6/16/00), 762 So.2d 615; State v. Pickney, 97-1591 (La.App. 3rd Cir.5/27/98), 714 So.2d 854, writs denied, 98-1857 (La.11/13/98), 730 So.2d 457.
[5] We note that the trial judge failed to specify that the sentence was to be served without benefit of parole, probation, or suspension of sentence as required by La. R.S. 14:95.1 and La. R.S. 14:27, but under La. R.S. 15:301.1 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the sentence is deemed to contain these restrictions without corrective action. Further, we note that the decision on whether a sentence arising from a probation revocation should run concurrently or consecutively with a sentence arising from a later offense lies with the judge revoking the probation. State v. Hotard, 04-1092 (La.10/15/04), 885 So.2d 533.