THOMAS F. DALEY, Judge.
LThe defendant, Salvador Mourra, has appealed the trial court’s denial of his Application for PosNConviction Relief. For the reasons that follow, we dismiss this appeal.
The procedural history is as follows: On March 4, 2005, the defendant pled guilty to aggravated flight from an officer, a violation LSA-R.S. 14:108.1. The trial court sentenced the defendant to two years at *1217 hard labor with credit for time served, then suspended the sentence and placed the defendant on two years active probation. On June 2, 2005, the State filed a Motion and Order for Hearing to Revoke Probation alleging that the defendant had tested positive for Cocaine and had been in possession of firearms and body armor, violations of LSA-R.S. 14:95.1 and 14:95.3. On August 16, 2005, the defendant filed a motion requesting to withdraw his guilty plea of March 4, 2005, which the trial court subsequently denied, on January 13, 2006. In that motion, he alleged that he did not believe that he was pleading to a crime of violence, because at the time he committed the offense it was not a crime of violence and the court did not designate it as a crime |3of violence pursuant to LSA-C.Cr.P. art. 890.1. Further, he alleged that his current prosecution for possession of a firearm by a felon, whose prior conviction was for a crime of violence, was an ex post facto violation. On the same day, August 16, 2005, the defendant also filed a Petition for Posi^Conviction Relief alleging that his March 4, 2005 guilty plea was involuntary, because he did not understand the nature of the charge and the consequences of his plea. Specifically, he alleged that he did not realize that when he pled guilty in 2005 to the offense of aggravated flight from an officer, which he committed in 1999, that he was effectively pleading guilty to a crime of violence only designated as such in 2003. It is unclear from the record what action was taken on this application. On January 13, 2006, the trial court signed an order granting the defendant thirty (30) days to take a writ to this Court, presumably from the denial of his Motion to Withdraw his Guilty Plea. However, there is no record of such a writ being filed in this Court.
On January 27, 2006, after the defendant stipulated to the possession of firearms and body armor, the trial court revoked his probation and imposed the sentence rendered on March 4, 2005 of two years at hard labor with credit for time served to run concurrently with the defendant’s sentence for the probation violations. Defendant appealed his conviction on the firearm charges to this Court arguing he should not have been charged with possession of a firearm, a violation of R.S. 14:95.1, because at the time he committed the underlying felony, aggravated flight from an officer, that crime was not classified as a crime of violence. This Court affirmed the conviction, holding that the applicable law to be considered was the law in effect at the time he committed the firearm violation, not the law in effect at the time he committed the underlying felony. State v. Mourra, 06-133, (La.App. 5 Cir. 8/29/06), 940 So.2d 29.
|4While the appeal was pending, on March 22, 2006, the defendant filed a second Application for PosNConviction Relief, which the trial court denied, on March 28, 2006. In his second Application for Post-Conviction Relief, the defendant alleged that his plea “was not voluntary and intelligently made and [was] made in violation of the ex post facto application of law.” In addition, the defendant claimed that the sentencing court had not designated the offense as a crime of violence pursuant to LSA-C.Cr.P. art. 890.1. The trial court denied the defendant’s Application for Post-Conviction Relief finding that the defendant did not assert an appropriate ground for post-conviction relief pursuant to LSA-C.Cr.P. art. 930.3. On August 4, 2006, prior to this Court’s decision on his appeal and approximately five months after his Application for Post-Conviction Relief was denied, the defense counsel filed a Motion for an Ou1^of-Time Appeal alleging that the trial court erred in denying *1218 the defendant’s Application for Post-Conviction Relief. The trial court granted the defendant’s Motion for an OuWof-Time Appeal. Following the lodging of the appellate record, the State filed in this Court a Motion to Dismiss the Appeal, arguing an Application for Supervisory Writs is the sole method by which a defendant can seek review of the trial court’s denial of his Application for Post-Conviction Relief.
In his August 4, 2006 Motion for an Out-of-Time Appeal, the defendant seeks to appeal the trial court’s denial of his second Application for Post^Conviction Relief. This application raises the identical issue that was raised in this Court in defendant’s appeal, namely that his prosecution for possession of a firearm by a felon, whose prior conviction was for a crime of violence, was an ex post facto violation because at the time he pled guilty to aggravated flight from an officer it was not a crime of violence. This Court addressed that issue finding there was no ex post facto violation because the relevant time to be considered is the Rtime the firearm offense was committed. Thus, we see no error in the trial court’s denial of defendant’s Application for Post-Conviction Relief as the claim raised by defendant was fully litigated on appeal. LSA-C.Cr.P. art. 930.4.
Additionally, an appeal cannot be taken from a judgment dismissing an Application for Post Conviction Relief. LSA-C.Cr.P. art. 930.6(A).
For the foregoing reasons, the defendant’s appeal is dismissed.

APPEAL DISMISSED.